UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMILIO PADILLA.

    Plaintiff,

v.                                                    Case No. 25-CV-405

SGT. MATTHEW TASKONIS,

    Defendant.

## ORDER

Plaintiff Emilio Padilla, who is currently confined at Racine Correctional Institution and is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. (ECF No. 1.) He also filed two motions to proceed without prepayment of the filing fee. (ECF Nos. 2, 4.) This order resolves those motions and screens the complaint.

The court has jurisdiction to resolve his motions and screen the complaint in light of Padilla's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Padilla was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows

the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 17, 2025, Padilla filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 18, 2025, Padilla filed a second motion to proceed without prepayment of the filing fee. (ECF No. 4.) On March 19, 2025, the court ordered Padilla to pay an initial partial filing fee of $33.23 by April 21, 2025. Padilla paid the fee on April 1, 2025. Accordingly, the court grants his first motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order. The court denies as moot his second motion for leave to proceed without prepaying the filing fee.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Padilla's Allegations*

Padilla alleges that on December 16, 2023, at 10:45 a.m., he had "fever, shakes, and chills." (ECF No. 1, ¶ 7.) He approached defendant Sgt. Matthew

Taskonis, informing him that he had fever, aches, and chills and asked if Taskonis could call the Health Services Unit (HSU). (*Id.*) Taskonis responded by walking Padilla through the procedures to fill out a Health Service Request form (HSR). (*Id.*, ¶ 8.) Padilla filled out the HSR and placed it in the appropriate box to send to the HSU. (*Id.*)

A little over 24 hours later, on December 17, 2023 at 11:50 a.m., Padilla was called to the HSU. (ECF No. 1, ¶ 9.) HSU staff took Padilla's temperature, which was 99 degrees, and they took a urine sample, which looked cloudy. (*Id.*) At 12:20 p.m., the nurse decided to send Padilla to the hospital. (*Id.*, ¶ 10.) At the hospital, Padilla was diagnosed with a blood infection that turned out to be sepsis. (*Id.*, ¶¶ 10-11.) He stayed at the hospital for 3 days. (*Id.*, ¶ 10.)

Padilla alleges that Taskonis failed to follow several Department of Corrections (DOC) policies when he failed to immediately send Padilla to the HSU on December 16, 2023. (ECF No. 1, ¶ 12.) Taskonis should have known Padilla was facing a medical emergency and acted accordingly. (*Id.*) Padilla states that Taskonis's delay caused "Prolonged manifest agonizing pain" but does not provide additional detail. (*Id.*, ¶ 24.)

*Analysis*

Padilla alleges that Taskonis violated his constitutional rights by not immediately sending him to the HSU. A plaintiff must demonstrate four elements to establish a deliberate indifference claim under the Eighth Amendment. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). First, "there must be a risk of harm to the

4

plaintiff that is so objectively serious as to be 'excessive' (and that risk must in fact materialize)." *Id.* Second, "the defendant must 'know' of the risk (put differently, he must possess subjective awareness that the risk exists)." *Id.* Third, "the defendant's response to the risk must be so inadequate as to constitute 'disregard' of (or deliberate indifference toward) the risk." *Id.* Finally, "the plaintiff must prove that the defendant's deliberate indifference actually *caused* his injury." *Id.* (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)).

Here, Padilla complains that Taskonis did not immediately send him to the HSU, so he had to wait a little more than 24 hours before receiving medical care. "Delaying treatment may constitute deliberate indifference if such delay 'exacerbated the injury or unnecessarily prolonged an inmate's pain.'" *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *McGowen v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The delays must also be "inexplicable." *Petties, v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016). The Seventh Circuit has noted that "delays are common in the prison setting with limited resources, and whether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Id.*

Padilla told Taskonis he had fever, shakes, and chills. These are common symptoms of a cold, flu, or the COVID-19 virus. Experience teaches that such commonplace symptoms, without more, do not typically cause a person to seek emergency room care. *Ayoubi v. Dart,* No. 13 C 8983, 2017 WL 242614, at *4 (N.D. Ill. Jan. 17, 2017), aff'd, 724 F. App'x 470 (7th Cir. 2018) (quoting *Liggins v. Barnett,* No. 4-00-CV-90080, 2001 WL 737551 at *6 (S.D. Iowa May 15, 2001) ("The court has

5

found no case in which a plaintiff suffering from flulike symptoms ... has been held to have had a serious medical need.'"))

Based on these symptoms, there were no red flags suggesting to Taskonis that Padilla had a blood infection or any kind of health emergency. Padilla felt unwell, had a mild fever of 99 degrees, and did not apparently ask to go to the hospital. He simply filled out the form and waited until being called to HSU the next day. Notably, the complaint indicates that even Padilla himself seemed surprised (after the fact) that he had a serious condition, having only learned about the seriousness of the condition after calling his sister once he returned from the hospital. Once at the hospital, he received a number of tests, including for COVID-19. It was only after these tests that the hospital determined he had a blood infection (the medical records attached to the complaint indicate that a urinary tract infection had spread). In sum, the complaint alleges that Padilla presented with run-of-the-mill symptoms including a very mild fever, and it was only after several tests at the hospital that it was determined he had a serious condition. Only with twenty-twenty hindsight can it be said that Taskonis should somehow have divined that Padilla was very ill.

Additionally, while Padilla alleges he had a life-threatening health issue, he does not allege that he actually suffered any injury as a result of Taskonis's actions or that his pain was unnecessarily prolonged. He was promptly treated and his infection resolved within 3 days. Padilla does state that Taskonis "Prolonged manifest agonizing pain", (*Id.*, ¶ 24), but this is simply reciting the standard for an Eighth Amendment deliberate indifference claim. While courts are to liberally construe *pro*

6

Case 2:25-cv-00405-SCD   Filed 06/24/25   Page 6 of 9   Document 9

*se* plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570.

Padilla does not state an Eighth Amendment deliberate indifference claim against Taskonis. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Padilla's complaint is thorough in its allegations of facts surrounding this claim, so the court finds that further factual allegations would not salvage the complaint. As such, further amendment would be futile.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Padilla's first motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**. His second motion for leave to procced without prepaying the filing fee (ECF No. 4) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the agency having custody of Padilla shall collect from his institution trust account the $316.77 balance of the filing fee by collecting monthly payments from Padilla's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by

7

the case name and number assigned to this case. If Padilla is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Padilla is confined.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Padilla has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under

Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 24th day of June, 2025.

*Stephen C. Dries*
STEPHEN DRIES
United States Magistrate Judge